IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

JECORI D. HOWARD, #1919182            §

VS.                                   §            CIVIL ACTION NO. 2:18cv3

SONYA JOHSON, ET AL.                  §

### MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jecori Howard, an inmate confined at the Telford Unit within the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred for findings of fact, conclusions of law, and recommendations for disposition of the complaint.

The underlying complaint was filed on December 1, 2017, (Dkt. #1). Howard argued that Defendants, various members of the Marshall Police Department as well as both the District Attorney's Office and his counsel, violated his constitutional rights by falsifying evidence and paperwork, lying to the grand jury, using the newspapers to convict him, and "building a bogus case" knowing that no evidence was present. He alleged that these circumstances formed the basis of his conviction for aggravated sexual assault of a child. He seeks monetary damages in the amount of 100 million dollars to restore his family name and to have his "case completely overturned."

After a review of the complaint, the Magistrate Judge issued a Report, (Dkt. # 6), recommending that Howard's civil rights lawsuit be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Howard has filed timely objections, (Dkt. # 9). In his objections, Howard argues that he "clearly" is challenging his conviction, but denying his civil rights lawsuit would

amount to a due process violation.  He further reiterates that trial counsel was ineffective and that

there has been a "manifest injustice" because no evidence exists with which to convict him.

Howard requests a stay of these proceedings so that he can have the opportunity to file a

section 2254 habeas proceeding.

The Magistrate Judge correctly determined that Howard's civil rights claims are barred by

*Heck*.   The Supreme Court has held that a plaintiff seeking damages under § 1983 for actions

whose unlawfulness would render a conviction or a sentence invalid must first prove that the

conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question.

*Heck*, 512 U.S. at 486-87.  The Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for
> challenging the validity of outstanding criminal judgments applies to § 1983 damages
> actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or
> confinement, just as it has always applied to actions for malicious prosecution.

*Id*. at 486.  The Court further held that "when a state prisoner seeks damages in a § 1983 suit, the

district court must consider whether a judgment in favor of the plaintiff would necessarily imply

the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id*. at

487.

Here, as the Magistrate Judge found, all of Howard's claims are challenges to his

conviction.   He asserted that his rights were violated through falsifying evidence, fabrications,

pre-trial publicity through the newspaper, and insufficient evidence.  These claims, if proven,

would call the validity of his conviction and sentence into question—as his claim for damages "is

connected to the legality of his present confinement."  *See Hudson v. Hughes*, 98 F.3d 868, 871

(5th Cir. 1996).  Howard readily admits—in his objections—that he is "clearly" challenging his

conviction.  He has not shown or articulated that his conviction has been invalidated or any way

called into question by a court. Accordingly, the Magistrate Judge correctly found that his claims are barred by *Heck*. 512 U.S. at 486 ("A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983.").

Turning to Howard's request to stay these proceedings, the Court notes that a stay is not required. The statute of limitations period, for *Heck* claims, begins when the *Heck* conditions are met. *See Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (explaining that if *Heck* applies to a claim, the claims have not yet accrued and so the statute of limitations is not a concern); *Heck*, 512 U.S. at 489 (holding that "the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen."). Accordingly, because Howard's *Heck* claims have not been accrued—as he has not shown that his conviction has been invalidated or called into question—a stay is not necessary.

The Court further notes that Howard must file any section 2254 motion within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Howard's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections, (Dkt. # 9), are overruled and the Report of the Magistrate Judge, is **ADOPTED** as the opinion of the Court. Further, it is

**ORDERED** that the above-styled civil rights lawsuit is **DISMISSED** with prejudice and that Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So ORDERED and SIGNED this 4th day of September, 2018.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE